The next case today is Michael McKenzie v. James W. Brannan et al., Appeal No. 20-2170. Attorney Markham, please introduce yourself for the record and proceed with your argument. Thank you very much. This is John Markham. Good afternoon, Your Honors. May it please the Court. May I reserve three minutes for rebuttal of my tenants? It's nice to be seen as well as heard. And yes, you may reserve three minutes. Thank you, Your Honor. Your presents one narrow question, and that is whether or not a binding term sheet between the parties, which was entered into in November of 2019, must be subject to an arbitration clause that is found in a document which is 11 years older between the same parties, or the party before he passed away and was superseded by the estate. And we contend that there is no basis for that, and that it sets a dangerous precedent by scaring people away from arbitration. Should that issue have been resolved in district court? It should have been resolved in the district court, whether or not the district court in effect punted to arbitration. And its reasoning for doing that, Your Honor, was that because the earlier agreement, which, by the way, is explicitly terminated by the later agreement. I'll refer to the later agreement means the agreement 2019. Earlier is the agreement 2008. The agreement in 2008 plainly had an arbitration clause, but the arbitration clause in that agreement was specific to that agreement. The arbitration provision is found at the last page of the HOPE agreement, and it says that any dispute will be submitted by arbitration through the AAA arbitration and governed by the laws of the state of New York, not, as the court below contended, governed by the AAA rules. It doesn't say that. And even if it did, let me back up a little bit. The court below cited to the AWUA decision, which says that if an arbitration clause designates the arbitrators and the arbitration rules to govern the arbitration, then they adopt the rules, including the rule that says that the AAA can decide jurisdiction. Ms. Markham, is it your position that the 2019 agreement supersedes the old one? Yes, and it's not only my position, Your Honor. I think that's a seminal question. Did you argue that before the district court? Yes, we did, and we cited to the provision in the 2019 agreement that does so. I quote it. It's very short. AAA, my client, the appellate, agrees that the original HOPE agreement is terminated. Well, it was terminated. That brings this case. There's a bit of a selfie, I think, in the case that I want to make sure that if it's not there, it's not there. But if it is there, I get your views about it. Forget the second agreement for the moment, okay? And suppose the question was, did the first to an arbitrator of the question of whether the first agreement terminates, strikes me as not an easy question, because that any disputes clause arguably is a delegation clause as to the question of whether that first agreement terminates, right? Well, if I understand your question, Your Honor, the delegation that the court, the first, this circuit approves of as giving jurisdiction to decide arbitrability to the arbitrators, specifically requires that the arbitration provision delegate to the rules, including the jurisdiction. I want to put that aside just for a second, because there's a question of whether there is any delegation clause, even in the first degree, which is what you're now suggesting maybe there isn't. There's not. Okay. But you've also made an argument that you win even if there was a delegation clause. Yes. So I'm trying to isolate on that second question. Okay. Even if... With respect to that, on that second question, my understanding is that if there were a delegation clause in the first degree, and the question arose as to whether there's no second agreement, the only issue is what are the circumstances that lead to the termination of the first agreement. There would be a real issue as to whether that delegation clause suggests that the question of when the first agreement terminates is for the arbitrator to decide, because that would be a dispute about that. That is correct, Your Honor. And I believe... So now, in this case... Oh, no. Judge Barron is frozen. Gives me time to think. So I think that what we can do in this circumstance is if he's not coming back is I can remove him and he'll have to re-enter the meeting. That may solve the problem. Okay. You're right, Judge. Can you hear me? Yes, we can hear you. Okay, I won't have the video, but sometimes if I don't have the video, you can hear me. My internet can handle it. Okay. If we now have a second agreement, there's a question of whether that second agreement is a superseding agreement. And I understand the argument that the question of whether that's a superseding agreement might have to be for the court and not for the arbitrator. But the way you just put it is that the second agreement acknowledges that the first agreement terminated. It does not say that the second agreement is a new agreement that terminates the first. Well, and the subtlety then is just whether there is a question as to whether what the issue that was argued to the court below was simply when did the first agreement terminate, in which case maybe that delegation clause does apply to that question, rather than regardless of whether termination of the first agreement is governed by the delegation clause. The question of whether there's just a totally new agreement that controls is the actual issue before the court, which would then be a question for the court alone. So, Your Honor, in the law and under the Biller case, I don't believe there's any difference between a provision that says the prior agreement is terminated and this agreement supersedes the first agreement. Because the question in Biller, this court's decision requiring clear and convincing evidence that the new agreement was subject to arbitration, the question was whether the second agreement was in play and the first agreement with the arbitration agreement was no longer in play. It's no longer in play in the first agreement, whether that agreement is terminated or whether it says it's terminated and superseded by the second agreement. The superseding provision is a conclusion as to the effect of the termination on the second agreement. Well, let me ask you one last way then just to see if we're saying the same thing, we're seeing the same way. If the first agreement had a delegation clause that said any disputes, including any disputes that may arise with respect to the construction of any contract entered in between these two parties thereafter shall be resolved by the arbitrator. Okay, that's what the first agreement's delegation clause says. And then we had this second agreement. Would your position be the same that it's up to the And let me just go back to a moment to the arbitration clause itself. The arbitration clause is in an 11-year-old agreement that has been terminated. That's indisputable. I quoted the termination clause. Even if that weren't the case, the primary basis relied upon by the court was the IWUA decision because the IWUA decision, the court found correctly that IWUA determined that where you have adopted the AAA rules explicitly, that includes the rule allowing the AAA to determine arbitrability jurisdiction. That didn't happen in this case even back in 2008 under the old agreement. It says any disputes will be settled by arbitration through the AAA governed by the laws of the state of New York. That is not governed by the AAA rules, and that's slightly different. Again, even if the court would rule against me on that. And I actually have one last question on this thing, which is could you just read me again the provision of the second agreement that you say reflects that the first agreement is terminated? Yes, your honor. AAA agrees that the original hope agreement is terminated. The original what agreement? Hope agreement. The hope agreement is the agreement containing the arbitration clause, the one entered into in 2000, August of 2008. And so you say that language itself refutes the notion that the agreement to have an arbitrator resolve any dispute, the so-called delegation clause in the first agreement. The language you just read refutes the notion that that could be said another way. If you terminate an agreement, you terminate every provision in it. You don't allow an arbitration clause in that terminated agreement to survive it. It just doesn't make any sense. They terminated every provision, every right, every privilege converted to both parties is terminated in favor of the binding term sheet. Now, if the court below were to ultimately find that it had to determine the viability of the term sheet, and it decided that the term sheet was not enforceable, well, then we'd be back to the old agreement. But that's for the court to decide under Bissell unless there's clear and convincing evidence otherwise. There's no such evidence in the second agreement. There's no reference to arbitration. Only reference is that it terminates the first agreement. And even in the first agreement, for the reasons I've argued, there is no delegation. But even if there was, it was terminated along with the rest of the first contract. Otherwise, words don't mean anything. Mr. Markham, Maine recognizes a distinction between a preliminary agreement to agree and a binding settlement agreement. So the question I have for you is that the appellees play up a lot the notion that the 2019 agreement uses the word will, you know, as in the parties will do something future. And also that it contemplates other documents being provided and worked out. So their argument is that the material terms aren't set forth in this agreement, and therefore, it's not all of the material terms, and therefore, it's not binding. Now, what do you have to say to that? Two things. One is procedural. One is substance. Procedurally, your honor, whether or not it's binding is something for the court to decide if we're correct about the lack of jurisdiction of AAA. So that should be remanded to the court to decide because it didn't decide it below. It explicitly didn't decide it. Now, they come to you to hope that because they can somehow cast doubt on the viability of the enforceability of the agreement, that that will replace the naked fact that it terminates the old agreement with the arbitration. Substantively, your honor, which is more important, it has every specific agreement. It has an agreement as to term, 10 years. It has agreement as to price. AAA will pay the artist, the estate, 25%. It has no annual minimum provisions. It has only hope works to be sold, thus limiting the agreement much differently than the hope agreement did, and it has all other terms and provisions. All it is lacking is to put it into another agreement with both a confidentiality clause, and basically, that's it. That's all that's left. That's not enough to make it not binding, and it calls itself a binding term sheet. To be clear, your position is we can't reach that question because that's- That's my position. I'm not afraid to have you reach it. I think it's compellingly in our favor, but I think correctly, if this is not subject to arbitration based upon a terminated agreement, it shouldn't be, then the matter should be remanded to the district court. The district court is perfectly capable of determining whether these specific provisions are enough to make it under Maine law. There is a distinction in Maine, your honor, you're correct, between an agreement to agree and agreement- I guess I didn't put it quite right. You just said if the first agreement was superseded by, terminated by a new agreement. All I'm saying is your position is that it's enough that there's a claim of there being a new agreement to have the district court then resolve that issue, even if it turns out it's not a binding agreement, it doesn't do what you say it does. The question of the status of that second document, however good, bad, or indifferent that argument is, is just for the district court, correct? I believe that's correct analytically. I would, however, argue that in asking that question, please don't take a lot of the gold out of my wheelbarrow, because we have more than just a claim. We have an agreement signed by the parties saying the old agreement is terminated. I'm just saying none of that's relevant to the arbitrability question. I believe that it is, because if it's terminated, with it is terminated the arbitration clause, but I quite agree with you. I'm sorry, none of that is relevant to the question on appeal regarding arbitrability. Well, I believe that it's significantly, yes, in this one respect, if I may answer, the Bissell case and other cases have said that for there to be arbitrability, there must be clear and convincing evidence that the parties intended arbitrability. I believe that the intent can be based in part on a clause in an agreement signed by the parties that specifically says that the agreement having arbitration is not adopted, it's terminated. Moreover, in the same binding term sheet on the next page, it says, quote, the arbitration between the estate and AIA pending in the AAA will be dismissed with prejudice. Yeah, but the question you want us to ask is whether the status of the second agreement as a terminating agreement is for the arbitrator or for the court. That's true. That question, what you're saying, I thought, is that the opponent has the burden of showing that it's clear and unmistakable that it covers that. It does, but that does not prevent us from showing the intent of the parties through two very clear statements in a signed agreement because when you're looking... What I'm saying is I thought it is irrelevant to the question of whether the arbitrator or the court decides that, what the state of that evidence is. Well, I believe that the court should decide it in the first instance, unless it is clearly proven otherwise. The way that the defense proves that the agreed upon to be arbitrated is to look at the comments between the parties. If they do that in my three minutes, I'll come back and say, yes, but you've forgotten about the specific statement terminating the agreement. That shows the intent to be other than clearly and mistakenly agree. That's the relevant principle. You're saying that you have a 2019 contract that clearly does not have an arbitration provision in it. You're saying that the appellee who is the party seeking arbitration has the clear obligation to demonstrate to the court that this is not a contract, a binding contract, just putting it differently. If they can't demonstrate that it's not a binding contract, then it would be a binding contract with no arbitration provision. That's correct. Now, I believe that was not decided by the district court. Counsel, the curve ball here, maybe it's a slider, I don't know. But the curve ball here is that the 2019 agreement contemplated that specific terms would be agreed upon, including a production schedule. And those things were not agreed to, and the estate is now back seeking to pursue the arbitration. What do you do with that? Well, the production schedule in the binding term sheet adopted by reference the production schedule in the original agreement. That does not mean it adopted anything else. A contract can adopt part of another contract, but it's in the second contract that that must be read. And if the second contract does not adopt the arbitration clause, it adopts a production schedule, this is sufficient enough to be a binding term sheet. And if it's not, then the district court in the first instance, not that I'm shying away from the three jurists here, but the district court should have a hearing on whether or not this was sufficiently binding under Maine law to be different from a agreement to agree, as Your Honor said was one of the options, and was in fact an agreement that was binding enough. So I believe that in those circumstances, this can't be simply swept away as, well, the old agreement applies because there's a specific manifestation of intent. There was none. The intent is opposite. Counsel, let me ask, let me just ask one other question. I mean, so for instance, under the production provision, the last thing it says is that you're adopting other appropriate terms from the original hope agreement. So you're saying that other appropriate terms were incorporated by reference, if I understand your argument correctly. Is it clear, I mean, this may be just a matter of what the attorney's respective notes indicate at the time that you guys engaged in your settlement talks. I mean, but is it, are you saying that it will, that if the district court has a hearing, that you will be able to demonstrate what specific, for extrinsic evidence, what specifically was intended to be incorporated? And therefore, the court will be able to make a determination as to the substantive terms of the 2019 contract. The court is going to have to make a determination about whether under main law, the binding term sheet is specifically, is specific enough to be enforceable as to the terms that it has. And if the court finds that that adopted provision leaves such a wide hole, that it cannot be an agreement no matter what, I think that's not true under main law, then the court can so find after hearing. And perhaps it will be the notes of the parties, your honor. Perhaps it will be the testimony. But clearly, this is enough of a specific agreement terminating a prior agreement. Whatever else it does, it terminates the agreement with the arbitration clause. So that all of this should be decided by the courts. If the way you put it is that the question is, if I'm understanding it right, the question of whether the second agreement supersedes the first has to be a question for the court, not the arbitrator. Yes, your honor. So intrinsic to the nature of that claim. Yes. Okay. If I now ask the question the opposite way, does the arbitration, does the any disputes clause in the first agreement survive the creation of a second agreement? How do I know that the right answer there isn't? Well, that's a question that's within the terms of the first agreement. In other words, if you ask it that way, then it looks like that is for the arbitrator. So how do I choose between those two formulations? Is this a question about whether the first agreement survives or is it in the duration of it? Or is it a question about whether the second agreement supersedes? It's a question of whether the second agreement supersedes. To the extent that the first agreement makes reference to any disputes, it's right at the end of the hope agreement. I read it, but what it says is, it says that any disputes as to prices and as to certain... But suppose I don't agree. What I want to do is suppose I don't agree with it. Suppose I read it to say, any disputes means any disputes in this agreement or any thereafter. Well, I have to say that, okay, I will go with your assumption, Your Honor. It doesn't say that. And that's a broad leap. But even if it said that, the question is whether the new, is the viability and effect of the new agreement... And that's what I'm looking for. Is there some case law that would help me know that the right way to frame this question is whether the new agreement supersedes that prior one, even though it contemplated its delegation of clause applying to future disputes in different contracts. Versus concluding that the right question to ask is, does that delegation clause in the first agreement apply to even this contract? Your Honor, I would refer the court to Biller. That's the case where the court said, first, a party seeking arbitration must show clear, unmistakable evidence. Then it said that a new agreement, terminating old agreement, supersedes the old agreement. And therefore, you look to the new agreement for whether there's arbitration, absent clear and convincing evidence. And this court, the district court came along and said, well, there is clear and convincing evidence. And that is that they adopted 11 years earlier, the AAA as a location for arbitration. He then says there's unmistakable evidence that that adopts the AAA rules. Now, the circuit courts are in disagreement, as the district court pointed out, as to whether or not adopting arbitration by a specific entity also means you adopt their rules. I believe the Third and the Ninth Circuit say no. And I believe Iowa, in this case, says it doesn't have to reach that question because in AWUA, they did specifically, in the agreement, arbitrate under the AAA, specifically adopt the AAA rules. This agreement, even though it's terminated, assuming that you were to give it viability after it was terminated by the parties, something that only you can, I believe, adopt those rules. Instead, it said that it's to be arbitrated under the AAA governed by the law, governed by the law of the state of New York. I hope I've answered your question. That's right. Thank you, counselor. Any other questions? All right, you reserved some time. Thank you, Your Honor. Attorney Markham, please mute your audio and video at this time.  Good afternoon. May it please the court, Alfred Falzon and I, Seth Brewster, represent James Brannon as personal representative of the state of Robert, Indiana. And the one thing that Mr. Markham and I do agree on was his reference to Biller as what controls with respect to this. Because Biller, with respect to this, made it really quite clear that the new agreement must be, quote, entirely superseding, close quote, end quote, show that the parties meant to end their clear commitment to arbitrate disputes, close quote. The Biller court then went on to say further, the question, and this is one in its references to Unite Here, said the question of when the underlying contract terminated concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties. And as such, it is not a substantive question of arbitrability, but a matter of contract interpretation for the arbitrator, not the courts to decide. Now, there was significant discussion about the underlying baseline here, and the baseline was essentially established in 2008. In the 2008 agreement, there is a clause toward the end of the contract that says any disputes will be settled by arbitration through the American Arbitration Association governed by the laws of the state. So, that is, and we contend that that expressly or implicitly has a delegation provision. As this court ruled in AWA that said that the reference to the American Arbitration Association rules was clear and unmistakable evidence that it gave the arbitrator the delegated right of deciding the issues of arbitrability. So, what is ambiguous about AIA agrees that the original hope agreement is terminated? What is ambiguous about the fact that the parties agreed to terminate the original agreement? Thank you, Your Honor. With respect to that phrase itself, there is no ambiguity. It is our position, however, that this was, again, the entire, let me back up a second, is that Mr. Markham also said that it is undisputed that the 2008 agreement was terminated. Well, it is absolutely disputed that the 2008 agreement was terminated because of this contract. The last provision, Your Honor, to get to answer the question, the last provision of this contract says this term sheet is intended to be binding and will be replaced by a formal settlement agreement and production agreement. Payments, releases, dismissals, and other consideration under this term sheet will be made after a more formal settlement agreement and releases and production agreement are executed. So, therefore, given the statements there of payments, releases, dismissals, and other consideration, the termination of the old agreement is other consideration that is only going to happen after the new production agreement and the new settlement agreement are entered into. You are doing the same thing as your opponent did, which is you are arguing about what the I had thought we had a jurisdictional dispute about who decides that. So, if I am understanding your position, I thought your position was if the second contract said this contract terminates every provision of the first contract including its arbitration clause because it is a new binding contract, the question of whether it does so if a dispute arose as to that would be for the arbitrator. That is correct. I mean, our position is exactly that is that the lay of the land in November 2009 at the current time is the 2008 agreements in effect and that is a very broad provision that says any disputes will be settled by arbitration through the American Arbitration Association. Now, I will note the previous sentence with respect to that agreement, the previous sentence actually confines liability under the agreement and so, therefore, at least the authors of this particular agreement knew how to confine language when it needed to. This language of any disputes means any dispute of whether or not it is going to be terminated. So, our position is that there is an underlying arbitration clause that says any disputes will be settled by arbitration through the American Arbitration Association and we have a dispute of what does this 2019 mediation term sheet mean. What does it mean? My question, that goes to the arbitrator. No, but you tell me what you think it means. It means that it is at this, it means whatever the arbitrator says it means, our position is. What do you think it means? It means that there were a number of things that needed to be accomplished before there would be a binding contract. Even though it says it is binding, it is not binding. Your Honor, that is exactly right. Shakespeare said in Romeo and Juliet, what is in a name? That which we call a rose by any other name would smell just as sweet. Main law says that if a contract contains the material terms, it is binding. It could be binding. In this particular case, what is required though is there are a number of other things. But that does not mean those are material. Well, with respect to that only once this contract becomes binding is once the condition precedence are met. Based on the last clause of the contract, it said that there had to be a formal production agreement, there had to be a settlement agreement, and everything, all the consideration under that agreement was not going to be made until those events took place. In this case, there can't possibly be an agreement. Most contracts contemplate future action. If I take my car to a mechanic, we contract for the person to do the work, so it contemplates future action. Future action alone does not mean that the contract is not binding between me and my mechanic. Sure. Your Honor, I appreciate that. I will refer you to our brief. We believe based on this provision that it is governed by New York law, our view under New York law as we briefed this court says that this is binding. If this is a contract, it was negotiated in Maine, it was agreed upon in Maine, the parties impacted are primarily in Maine, the charity whose benefit is in Maine, it's hard to see in terms of who has the greater interest in the litigation as between Maine and New York. Did New York have a greater interest? Sure. To be sure, Your Honor, the issue is that we have what it is important for the courts to do from an institutional point of view is to give effect to previous agreements of the parties. Until it is decided that the 2008 arbitration agreement is eradicated, has been terminated, then that agreement... You're arguing that there are some conditions preceded and other ambiguities. If a court determined that there were no ambiguities... And this gets back to the questions of what are the indicia with respect to make sure a subsequent agreement in fact gets rid of an arbitration clause of an earlier agreement. We know from Buckeye check cashing that an arbitration provision in a contract is severable, meaning the underlying agreement can be terminated, the arbitration provisions can survive. It must be made clear in order to get rid of that, it must be overly clear. I'm losing the thread of your argument. I thought your argument was a very simple argument, which is that once that any disputes clause is in place, any dispute about the binding nature of the second agreement, the effect of the second agreement on the first agreement, anything like that is for the arbitrator solely because of the clarity of the any disputes clause of the first agreement. And there's no way around that. The parties bound themselves to that. They cannot get out of having an arbitrator decide any dispute. I agree with that, your honor. If that's your position, then it just doesn't matter what the second contract says, what it means, whether it's Maine law or New York law, all of that is irrelevant on your theory. Any disputes in the first agreement. Your honor, I do agree with that. That's why I started my argument with that reference to Biller when you quoted from it, talks about the relevance of the clarity of the second agreement superseding. And if that is a relevant question, then your argument is wrong because your argument is that it doesn't matter how clear that second agreement is because it's all determined by the any disputes language in the first arbitration clause, delegation clause. I'm having trouble reconciling what is a totally coherent position on your part with what the language you quote from Biller. Yes, we're supposed to decide how good that second contract was to determine what forced to give the any disputes clause. Those two positions don't seem reconcilable to me. Well, your honor, I appreciate that. I will say that I agree with the fundamental position that it is a very fundamental and straightforward argument. I was making sort of a subsidiary argument about what is required to get rid of an arbitration provision. But is that question for the court under Biller? No. I mean, this entire question goes to the arbitrator. Even if the second agreement clearly says we're getting rid of the arbitration? Even if the second agreement says we're clearly getting rid of the arbitration? Yes, your honor. It still goes to the arbitrator to make that decision. Once you enter into an arbitration agreement, it means you can never get rid of it. If you have a delegation clause that says any dispute. Well, your position is it's like the Hotel California. You can check out, but you can never get rid of it. I'd like to hope the arbitrators will follow the law and the facts. It is the general principle which underlies the Federal Arbitration Act and the federal authority having to do with the arbitration that arbitration provisions will be supported. But if you have one contract that clearly expresses the party's intention to arbitrate, and a second contract that expressly expresses the party's interest not to arbitrate, you can never get out of the first arbitration if a dispute arises anywhere beyond the second contract. You can never get out of arbitration. Well, assuming the court's question with respect to an arbitration provision saying that there is a first question somewhat like the original HOPE agreement, the 2008 agreement here, and then the second contract makes it very clear that the parties intended to terminate their arbitration responsibilities. They no longer wanted to arbitrate anymore. They made it clear and convincing. It's unmistakable that they wanted to do that. That question still, if there's a dispute about that contract, then that question goes to the arbitrator. The arbitrator should say the parties expressed in the second agreement, the arbitration is gone. So now the judge has ruled that, the arbitrator has ruled that, and now there is another dispute concerning the second contract. Does that dispute go to the arbitrator also? No. It goes to court because the arbitrator has already ruled that the first arbitration clause that was served up to him or her has now been terminated and has been superseded and there was sufficient language under the authority and the precedent that it is now and that's binding. What tells me now when I say as the party to that first contract, yeah, well, but this is a new dispute, so it's still the Any Disputes Clause, it's still applying. What tells a court that it can now resolve it? Why does the arbitrator's decision now give a court jurisdiction? Arguably, the parties to that arbitration that said that the first agreement is gone would append that decision to a court filing. And what would be the power of the court to give it any weight? Isn't it still bound on your theory by that Any Disputes Clause and the first agreement? I don't believe so, Your Honor, because the arbitrator has ruled that that no longer exists. Who cares from the court's perspective? Well, I mean, the courts do give effect and allow people to collect arbitration awards and enforce arbitration awards. It would be similarly the same reason why people file proceedings with the court in order to enforce arbitration decisions. So you would enforce that judgment to now get rid of the initials, so that's how you could check out of the hotel on your theory? Exactly. So along those lines, again, I do believe that under the biller and the analysis and biller, it's pretty clear that we have a very broad arbitration provision here. It's delegated the authority to the arbitrator, the arbitration panel to make the decision. And so therefore, the court, the district court did not err in deciding that this issue of arbitrability, the gateway of arbitrability should be decided by the arbitrator and not the court. And unless the court has any more questions, I will rest. Thank you. Thank you. Thank you, Mr. Brewster. Please mute your audio and video at this time. And Attorney Mark, you have a three minute rebuttal. Thank you. It is not Hotel California. It is not a life sentence. Biller says so. Biller says that unless the party asserting arbitrability of an issue can show by clear and unmistakable issue that the question involved is for the arbitrators, it must be decided by the court. They haven't done that. They go to an agreement that's 11 years before the new agreement was signed. It could have no effect on the new agreement. That's the way you just phrased it sounds like the question is a question about the scope of the first arbitration class, because there's no doubt that there is an any disputes clause. And the question is, what is its scope? It's scope. We can argue about its scope. But I believe, as your honor was pressing me to agree with or not agree with, but give you my position with respect to whether that matters after there is an agreement that terminates it. And we're asserting that it terminates it. Yeah, but what I'm worried about, we just decided in agree with it. But the majority of the court, I thought their concluded that questions of scope of a delegation clause do are not resolved pursuant to the clear and unmistakable question, only the existence of the arbitration clause, the delegation clauses. And here there's no dispute that the existence of one, unless you're saying somehow the the the first clause can never really do what it wants, because its existence is always in question if it means to apply even to a future agreement that appears to terminate it. Because the second agreement then raises the question of does the first one exist? Is that the idea? Well, your honor, I believe that with respect to Bossie, Bossie specifically noted that in that case, the party trying to prevent arbitration and waive that issue. Yes, that's a different matter than here. We didn't waive it. We've been banging the drums about it. And we have, I submit a pretty good argument. Now, one can argue about the scope of the first agreement and whether it extends beyond the agreement referred to in the paragraph in which it comes. But we don't have to hear because the second agreement terminates that keep any of it. And there's no law that says that unless we can show specifically we meant to terminate that part of the agreement, as my brother just argued, unless we can show that, he argues, by clear and convincing evidence. But your view is the question of whether it terminates it is for the court, independent of whether it does terminate. Yes. And there's no analytically that you have to make in order for the court to be able to decide the significance of that second document. I don't have to argue that much, but analytically, I think your honor is correct. We're arguing that based upon this record and what we have shown and what the agreement says signed by the parties, that this was a matter for the court to decide under the existing precedent. That's what I'm arguing. Any other questions, gentlemen? That's what Bissell argued. Thank you. Thank you very much, your honor, for your time. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.